UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-HC-2125-BR

UNITED STATES OF AMERICA

v.                                             ORDER

DONALD SNYDER

This matter is before the court on respondent's 30 January 2008 motion to reconsider the court's 18 January 2008 order finding that respondent continues to suffer from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. The government has not filed any response to the motion, and the time within which to do so has expired. The motion is ripe for disposition.

By way of brief background, the court held a hearing in this matter on 7 January 2008, and directed the government to file additional evidence. (1/7/08 Order at 1.) The government did so on 10 January 2008,[1] and on 18 January 2008, the court ordered respondent's continued commitment based on both the evidence presented during the 7 January hearing and the subsequent evidence submitted by the government. (1/18/08 Order at 1.) Respondent filed a notice of appeal of that order on 15 February 2008.

The Fourth Circuit has held that "when a Rule 60(b)[2] motion is filed while a judgment is

---

[1] The evidence was submitted on 10 January 2008 attached to a motion to seal the evidence, and the court allowed the motion to seal and filed the evidence on 15 January 2008.

[2] While respondent does not actually cite to a procedural rule, the court concludes that in light of his contentions, Fed. R. Civ. P. 60(b) governs the instant motion.

on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly." Fobian v. Storage Tech. Corp., 164 F.3d 887, 891 (4th Cir. 1999). Therefore, the court shall consider the motion. The motion is GRANTED, and having reconsidered both the evidence originally considered by the court as well as the additional evidence provided by respondent, the court REAFFIRMS its earlier decision that respondent continues to meet the criteria for commitment under 18 U.S.C. § 4246.

However, the court writes separately to note that it is dismayed by statements in the motion indicating that respondent's counsel was not served with copies of the government's 10 January 2008 filings, and – after the court filed the evidence under seal and ordered respondent's continued commitment – obtained the documents "from the government by traveling to FMC Butner and appearing at the legal counsel department." (Mot. Reconsider at 1.) The government's motion to seal and attached evidence was accompanied by a certificate of service representing that the filing was mailed to respondent's counsel. Although the court will assume that the government's failure to serve counsel for respondent with documents to which she is clearly entitled was inadvertent, the court reminds the government that all filings must be served on opposing counsel and, should it seek *ex parte* review of evidence in the future, it should clearly explain to the court that opposing counsel has not been provided with the evidence and the basis for such review.

This 11 March 2008.

                                        W. Earl Britt
                                        Senior U.S. District Judge