UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-HC-2125-BR

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | ORDER |
| DONALD SNYDER | |

This matter is before the court on respondent's 12 April 2012 motion for immediate release. (DE # 88.) Petitioner filed a response to the motion on 16 April 2012 (DE # 90), and respondent filed a reply on the same date (DE # 91). By way of background, the court ordered respondent to be conditionally released pursuant to 18 U.S.C. § 4246(e) on 5 April 2012. (See DE # 87.) According to motion for immediate release, respondent has been advised that he will not be released from the Federal Medical Center in Butner, North Carolina until 19 April 2012. (Mot., DE # 88, ¶ 5.) Respondent contends that this two-week delay is unreasonable, and he seeks to be released immediately.

The court initially notes that a mere five business days elapsed between the entry of the order of conditional release and respondent's instant motion. The court also emphasizes that respondent is not being released unconditionally but is being released subject to specific conditions. In particular, respondent's order of conditional release contains the following provision:

> Upon receipt and verification of an Order of Conditional Release and prior to the actual date and time of release, the Bureau of Prisons shall notify the appropriate persons to schedule an arrival date, finalize the release paperwork, make transportation arrangements, arrange the initial appointment for mental health

aftercare and contact the assigned U.S. Probation Officer. . . . The Bureau of
Prisons shall release respondent after all release arrangements are satisfactory and
complete.

(4/5/12 Order, DE # 87, at 5-6.) The release arrangements in this case also included an exit physical examination, which was conducted on 10 April 2012. (Mot., DE # 88, ¶ 3.)

Here, petitioner has represented that "[r]espondent will be transported to his release destination before the end of this week, on the date agreed upon by Bureau of Prisons staff and the U.S. Probation Officer." (Resp., DE # 90, at 2, ¶ 3.) The court finds that the two-week period between the date of the order of conditional release and the projected date of respondent's actual release is neither atypical nor unreasonable and is fully contemplated by the court's order of conditional release. As a result, respondent's motion is DENIED. The court would expect future motions of a similar nature to be filed only in cases involving sufficiently egregious circumstances.

This 16 April 2012.

                                               W. Earl Britt
                                               Senior U.S. District Judge

2

Case 5:06-hc-02125-BR   Document 92   Filed 04/16/12   Page 2 of 2